**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**L.A.A.S.E, INC.,**

    Plaintiff,

v.

**DUETTI, INC.,**

    Defendant.

_____/

Case No. _____

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff, L.A.A.S.E, Inc. ("LAASE" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant Duetti, Inc. ("Duetti" or "Defendant") for past and ongoing infringement of Plaintiff's copyrighted sound recording and the musical composition embodied therein, in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts, and upon information and belief as to all other matters:

**INTRODUCTION**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and seeks redress for Defendant's willful infringement of Plaintiff's exclusive rights in a copyrighted sound recording and the musical composition embodied therein.

2. Plaintiff owns the copyright in the sound recording and underlying musical composition originally titled "Trae1" (the "Work"). Without authorization, Defendant caused to be created and exploited a derivative work titled "Shells" that overlays additional vocals on the Work (the "Infringing Work"), and reproduced, distributed, streamed, monetized, and otherwise commercially exploited it.

1

3. Through the conduct alleged herein, Defendant has violated, and continues to violate, Plaintiff's exclusive rights under 17 U.S.C. § 106.

4. Plaintiff seeks injunctive relief, declaratory relief, actual damages and Defendant's profits, and, to the extent available, statutory damages and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act.

6. This Court has personal jurisdiction over Defendant because Defendant is subject to personal jurisdiction in the State of Florida pursuant to Florida's long-arm statute, Fla. Stat. § 48.193, and the Due Process Clause of the United States Constitution. Defendant purposefully directed, and continues to direct, the reproduction, distribution, streaming, promotion, licensing, and monetization of the Infringing Work to residents of the State of Florida and this District, thereby purposefully availing itself of the privilege of conducting business in Florida and the benefits and protections of its laws. Defendant's infringement has caused, and continues to cause, injury to Plaintiff in this District, and the claims asserted herein arise directly from Defendant's Florida-directed conduct. Such conduct includes the distribution and monetization of the Infringing Work to users geolocated in this District via interactive digital service providers accessible and marketed in Florida, resulting in streams, views, and revenues attributable to Florida-based exploitation. The exercise of personal jurisdiction over Defendant therefore comports with traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and § 1391(b) because Defendant may be found in this District and because a substantial part of the injurious

events occurred here, including the reproduction, distribution, public performance, and monetization of the Infringing Work to users in this District.

## PARTIES

8.      Plaintiff is a Florida corporation with its principal place of business in Miami, Florida.

9.      Plaintiff has been the sole owner of all right, title, and interest in and to the copyrights asserted herein since at least June 16, 2026, including the exclusive rights protected by 17 U.S.C. § 106.

10.     Defendant Duetti is a Delaware corporation with its principal place of business at 250 Lafayette Street, 2nd Floor, New York, New York 10012. Upon information and belief, Duetti is engaged in acquiring, distributing, administering, and monetizing sound recordings and musical compositions.

11.     Upon information and belief, Duetti reproduced, distributed, marketed, promoted, licensed, monetized, and otherwise commercially exploited the Infringing Work.

12.     Upon information and belief, Defendant authorized, induced, materially contributed to, participated in, and/or profited from the infringing conduct alleged herein.

## FACTUAL ALLEGATIONS

### A. *Plaintiff's Copyrighted Work*

13.     Plaintiff is the owner of all right, title, and interest in and to the sound recording originally titled "Trae1" (the "Sound Recording") and the underlying musical composition

3

embodied therein (the "Composition" and, collectively with the Sound Recording, the "Work"), including all copyrights, exclusive rights under the Copyright Act, and all accrued and future claims arising from infringement of the Work.

14.     The Work was independently authored, created, and fixed in a tangible medium of expression by Messiah Jackson ("Jackson"), who is the sole author of both the Sound Recording and the Composition.

15.     Jackson created the Work in or about August 2018. Contemporaneous documentary evidence of the Work's creation exists in the form of an August 18, 2018 email transmitting the original audio files embodying the Work, together with the associated audio files themselves. True and correct copies of the email and associated files are attached hereto as Exhibit A.

16.     On September 26, 2025, Jackson executed a written Beat Buyout Agreement whereby he irrevocably sold, assigned, and transferred to Music L.A.A., LLC all right, title, and interest in and to the Work, including all copyrights, registration rights, royalty rights, enforcement rights, and all claims arising from past, present, and future infringements of the Work. Annexed hereto as Exhibit B is a true and correct copy of the Beat Buyout Agreement.

17.     Thereafter, on June 16, 2026, Music L.A.A., LLC executed a Copyright Assignment and Chain of Title Confirmation Agreement assigning and confirming to Plaintiff all rights in the Work, including accrued causes of action.

18.     The Work is the subject of valid United States Copyright Registration No. SR 1-046-483, with an effective date of registration of October 3, 2025. A true and correct copy of the registration certificate is attached hereto as Exhibit C.

4

19.     Registration No. SR 1-046-483 covers both the Sound Recording and the underlying musical composition embodied in the Work.

20.     The United States Copyright Office acted upon the application of Plaintiff's predecessor-in-interest and registered the Work before the commencement of this action, satisfying the registration precondition of 17 U.S.C. § 411(a).

21.     At all times relevant to this action, the copyright in the Work has been valid and subsisting, and Plaintiff is the lawful owner of the exclusive rights asserted herein and is entitled to enforce those rights against Defendant. Plaintiff has standing to sue for infringement under 17 U.S.C. § 501(b).

### B. *Defendant's Infringing Work*

22.     Without Plaintiff's authorization, Defendant created, released, and exploited a derivative work – the Infringing Work - that incorporates original and protectable portions of the Work overlaid with additional vocals.

23.     The portions of the Work copied in the Infringing Work are original, substantial, and qualitatively and quantitatively significant; indeed, the Work supplies the musical and instrumental foundation of the Infringing Work.

24.     Defendant had access to the Work, which was publicly released and commercially distributed beginning in 2018, and in fact used the actual Work to create the Infringing Work.

25.     Defendant reproduced the Work, prepared a derivative work based upon it, and distributed, publicly performed, and digitally transmitted it, without any license, authorization, or consent from Plaintiff.

26.     Defendant exploited the Infringing Work through digital streaming services, download platforms, social media channels, and other commercial distribution outlets.

27.     Defendant derived substantial revenue, profits, royalties, licensing income, and other financial benefits therefrom.

28.     To date, the Infringing Work has generated more than 10 million views on YouTube and nearly 43 million streams on Spotify alone. Upon information and belief, the Infringing Work has generated millions of additional streams, plays, views, downloads, and other forms of exploitation across numerous digital service providers and platforms worldwide. A true and correct copy of the relevant Luminate report reflecting the commercial performance of the Infringing Work is attached hereto as Exhibit D.

29.     Upon information and belief, Defendant has received and continues to receive substantial revenues and profits attributable to the exploitation of the Infringing Work, including, without limitation, streaming revenue, publishing income, mechanical royalties, performance royalties, synchronization revenue, licensing fees, advertising revenue, master recording income, and other forms of compensation derived directly or indirectly from the exploitation of the Infringing Work.

30.     The full extent of Defendant's revenues, profits, royalties, and other financial benefits attributable to the Infringing Work is presently unknown to Plaintiff and is within the possession, custody, or control of Defendant and third parties acting on their behalf, including distributors, publishers, administrators, collection societies, digital service providers, and other entities involved in the commercial exploitation of the Infringing Work.

31.     Upon information and belief, Defendant has actively promoted, marketed, distributed, licensed, administered, and monetized the Infringing Work throughout the United States and internationally, causing the Infringing Work to achieve substantial commercial success and widespread public dissemination.

32.     As a direct and proximate result of Defendant's unauthorized reproduction, preparation of derivative works, distribution, public performance, digital transmission, and commercial exploitation of the Work, Plaintiff has suffered and continues to suffer damages, including but not limited to lost licensing opportunities, lost royalties, diminution in the value of the Work, and the unlawful diversion of revenues and profits that rightfully belong to Plaintiff.

33.     Plaintiff is entitled to recover all damages available under the Copyright Act, including its actual damages, Defendant's profits attributable to the infringement, injunctive relief, costs, attorneys' fees to the extent permitted by law, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

34.     Plaintiff never licensed, authorized, or consented to Defendant's use of the Work, and Defendant never compensated Plaintiff for that use.

35.     Defendant's infringement was knowing, intentional, and willful, or undertaken in reckless disregard of Plaintiff's rights.

36.     Defendant knew or should have known that authorization was required and failed to obtain it or to investigate ownership.

C.  *Notice and Continuing Infringement*

37.     Plaintiff notified Defendant of its infringement before filing this action and demanded that it cease exploiting the Infringing Work.

38.     Despite such notice, Defendant has continued to exploit the Infringing Work, and each continuing act of reproduction, distribution, public performance, and digital transmission constitutes a separate and additional act of willful infringement.

39.     Defendant's continuing infringement has caused, and will continue to cause, Plaintiff irreparable harm for which monetary damages alone are inadequate.

## COUNT I
## COPYRIGHT INFRINGEMENT — SOUND RECORDING
### (17 U.S.C. §§ 106, 501)

40.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 39, as though fully set forth herein.

41.     Plaintiff owns a valid, registered copyright in the Sound Recording, U.S. Copyright Registration No. SR 1-046-483.

42.     Defendant, without Plaintiff's authorization or consent, reproduced the Sound Recording, prepared and exploited a derivative work based upon the Sound Recording, and distributed, publicly performed, and digitally transmitted the derivative work to the public through various commercial platforms and channels of distribution. In doing so, Defendant infringed Plaintiff's exclusive rights under 17 U.S.C. § 106(1)-(3) and (6) and derived substantial revenue, profits, and other financial benefits from their unauthorized exploitation of the Sound Recording.

43.     Defendant's conduct constitutes infringement of Plaintiff's copyright in the Sound Recording under 17 U.S.C. § 501.

44.     Defendant's infringement was willful.

45.     As a direct and proximate result of Defendant's infringement, Plaintiff has been damaged and is entitled to recover its actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), and, to the extent available under 17 U.S.C. § 412, statutory damages pursuant to § 504(c) and attorneys' fees and costs pursuant to § 505, together with injunctive relief pursuant to 17 U.S.C. §§ 502–503.

## COUNT II
### COPYRIGHT INFRINGEMENT — MUSICAL COMPOSITION
### (17 U.S.C. §§ 106, 501)

46.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 39 as though fully set forth herein.

47.     Plaintiff owns a valid, registered copyright in the Composition, which is embodied in and covered by U.S. Copyright Registration No. SR 1-046-483.

48.     Defendant, without Plaintiff's authorization or consent, reproduced the Composition, prepared and exploited a derivative work based upon the Composition, and distributed, publicly performed, and otherwise exploited that derivative work through various commercial platforms and channels of distribution. In doing so, Defendant infringed Plaintiff's exclusive rights under 17 U.S.C. § 106(1)-(4) and derived substantial revenue, profits, and other financial benefits from their unauthorized exploitation of the Composition.

49.     Defendant's conduct constitutes infringement of Plaintiff's copyright in the Composition under 17 U.S.C. § 501.

50.     Defendant's infringement was willful.

9

51.     As a direct and proximate result of Defendant's infringement, Plaintiff has been damaged, and Defendant has profited. Plaintiff is entitled to recover its actual damages and Defendant's profits pursuant to 17 U.S.C. §504(b), and, to the extent available under 17 U.S.C. § 412, statutory damages pursuant to §504(c) and attorneys' fees and costs pursuant to § 505, together with injunctive relief pursuant to 17 U.S.C. §§ 502–503.

**COUNT III**
**DECLARATORY JUDGMENT**
**(28 U.S.C. §§ 2201–2202)**

52.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs 1 through 39 as though fully set forth herein.

53.     An actual, immediate, substantial, and justiciable controversy exists between Plaintiff and Defendant concerning ownership of the copyrights in the Work and Defendant's claimed right, if any, to exploit, administer, license, register, or otherwise assert ownership interests in the Work and the Infringing Work.

54.     Plaintiff contends that it is the sole owner of the copyrights in the Sound Recording and the Composition, and that any registration or claim of ownership asserted by Defendant is invalid, subordinate to Plaintiff's rights, and/or confers no right to reproduce, distribute, perform, or otherwise exploit the Work.

55.     A judicial declaration is necessary and appropriate at this time to resolve the parties' competing claims of ownership and to determine Defendant's asserted right, if any, to exploit the Work and the Infringing Work.

56.     Plaintiff seeks a declaration that: (a) Plaintiff owns the copyrights in the Sound Recording and the Composition; (b) those copyrights are valid and enforceable; (c) Defendant possesses no license, authorization, or right to reproduce, distribute, publicly perform, digitally transmit, or otherwise exploit the Work or the Infringing Work; and (d) Defendant's exploitation of the Infringing Work infringes Plaintiff's copyrights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, and grant the following relief:

A.     Preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 enjoining Defendant, and all persons acting in concert or in participation with them, from reproducing, preparing derivative works from, distributing, publicly performing, digitally transmitting, licensing, monetizing, administering, exploiting, or otherwise using the Work or any work derived therefrom;

B.     An order requiring the removal of the Infringing Work from all streaming services, digital service providers, download stores, social media platforms, and other channels of distribution;

C.     Impoundment and destruction or other reasonable disposition of all infringing copies and materials, pursuant to 17 U.S.C. § 503;

D.     Plaintiff's actual damages and Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b);

E.      To the extent available under 17 U.S.C. § 412, statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement;

F.      A declaratory judgment as outlined in Count III;

G.      To the extent available under 17 U.S.C. § 412, Plaintiff's reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505;

H.      Pre-judgment and post-judgment interest as permitted by law; and

I.      Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: June 23, 2026

Respectfully submitted,

**KENNER & IMPARATO, PLLC**
888 E. Las Olas Blvd., Suite 601
Ft. Lauderdale, Florida 33301
Telephone: (954) 400-1475
Facsimile: (954) 406-0332
Email:  adam@ki-law.com

By:  /s/ Adam Kenner
     ADAM B. KENNER, ESQ.
     Florida Bar No.: 0066216

12

# EXHIBIT A

 **Outlook**

---

**Fwd:**

---

**From** LAA Music <laamusicops@gmail.com>

**Date** Tue 2026-06-16 9:58 AM

**To** Bianca Corrado <bianca@ki-law.com>; Adam Kenner <adam@ki-law.com>

📎 2 attachments (4 MB)
Trae1.mp3; Trae2.mp3;

this is the original email from 8.18.2018 that proves messiah created the original sound recording first.. Trae1 was used in Shells which came out in december of '18.. just for you to have if it went the distance we can prove prior ownership before they can.. just showing you i dot my i's and cross my t's...

---------- Forwarded message ---------
From: **LordSupremacy™** <messiah705@gmail.com>
Date: Thu, Sep 25, 2025 at 12:54 PM
Subject: Fwd:
To: <Laamusicops@gmail.com>

---------- Forwarded message ---------
From: **M E S S I A H 3 6 0 0** <greedybeats804@gmail.com>
Date: Sat, Aug 18, 2018 at 8:34 PM
Subject:
To: LordSupremacy™ <messiah705@gmail.com>

# EXHIBIT B

Docusign Envelope ID: DE36BEA1-9368-4A1A-B40B-E25163B98E4E





## BEAT BUYOUT AGREEMENT

This Beat Buyout Agreement ("Agreement") is entered into as of **September 26th, 2025** by and between **Music L.A.A.** ("Buyer") and **Messiah Jackson** ("Producer").

1. **Scope**: Producer irrevocably sells, assigns, and transfers to Buyer all rights, title, and interest, including all copyrights, in and to the musical composition and sound recording originally titled **"Trae1"** (the "Beat"), as incorporated in the song **"Shells"** by Shabazz PBG ft. Lil Uzi Vert, including all versions, remixes, and derivatives (the "Work").

2. **Consideration & Delivery**: Producer shall deliver the Beat files to Buyer upon execution of this Agreement. Buyer shall pay Producer a one-time fee of **$500 USD** upon receipt of signed Agreement and delivery. This payment is full and final consideration, with no further obligations to Producer.

3. **Royalties & Enforcement**: Buyer shall own and collect all past, present, and future royalties and income from the Beat and the Work, including publishing, master, and all other rights. Buyer shall have the exclusive right to enforce the copyright and pursue any claims for past, present, and future infringements of the Beat and/or the Work. Buyer is expressly authorized to register the copyright in its own name.

4. **Warranties**: Producer warrants sole ownership of the Beat and authority to sell. Producer will indemnify Buyer against any third-party claims.

5. **Confidentiality**: The terms of this Agreement shall remain confidential.

6. **Entire Agreement**: This Agreement is the full understanding between the parties and supersedes all prior discussions.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

Messiah Jackson (Producer)

Signed by:

C129E8EBF53E441...

Music L.A.A. (Buyer)

# EXHIBIT C

COPYRIGHT ASSIGNMENT AND CHAIN OF TITLE CONFIRMATION

This Copyright Assignment and Chain of Title Confirmation Agreement (this "Agreement") is made as of June 16, 2026 (the "Effective Date"), by and between Music LAA, LLC ("Assignor") and L.A.A.S.E., Inc., a Florida corporation ("Assignee").

Messiah Jackson is an author, producer, and copyright owner of certain musical compositions, sound recordings, and related copyright interests created, authored, co-authored, produced, or otherwise owned by him (collectively, the "Works"). Pursuant to that certain Copyright Assignment dated September 26, 2025, Messiah Jackson transferred and assigned all of his right, title, and interest in and to the Works to Assignor, and Assignor has subsequently determined to transfer such rights to Assignee. This Agreement is intended to memorialize and confirm that chain of title.

Assignor hereby irrevocably assigns, transfers, conveys, and confirms to Assignee all of Assignor's right, title, and interest in and to the Works, including all copyrights (whether registered or unregistered), copyright applications and registrations, renewals and extensions, royalty rights, licensing rights, administration rights, and all other rights arising therefrom for the full duration of copyright protection throughout the world.

This assignment expressly includes all accrued and future causes of action and rights of recovery arising from any past, present, or future infringement, unauthorized use, exploitation, misappropriation, or violation of the Works, including all rights to pursue and recover statutory damages, actual damages, profits, royalties, settlements, judgments, attorneys' fees, and any other recoveries relating thereto.

The parties acknowledge and agree that the rights transferred herein originate from Messiah Jackson's authorship and ownership interest, were first transferred to Music LAA, LLC pursuant to the September 26, 2025 Copyright Assignment, and are now fully vested in L.A.A.S.E., Inc. Assignor agrees to execute any additional documents reasonably necessary to evidence, record, confirm, or enforce Assignee's ownership of the Works.

Without limiting the foregoing, the Works include all copyrights, ownership interests, royalty rights, claims, demands, and causes of action previously acquired by Music LAA, LLC from Messiah Jackson, together with all claims for past infringements, unpaid royalties, and other recoveries associated therewith.

This Agreement shall be governed by the laws of the State of Florida and constitutes the entire agreement between the parties with respect to the subject matter herein.

IN WITNESS WHEREOF, the parties have executed this Agreement as of June 16, 2026.

MUSIC LAA, LLC

By: _____

Name: Zachary Hiller

Title: CEO

L.A.A.S.E., INC.

By: _____

Name: Zachary Hiller

Title: CEO

# EXHIBIT D

**Registration Number**

# SR 1-046-483

**Effective Date of Registration:**
October 03, 2025
**Registration Decision Date:**
November 14, 2025

## Title

**Title of Work:**   Trae1

## Completion/Publication

**Year of Completion:**   2018
**Date of 1st Publication:**   August 25, 2018
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Messiah Jackson
**Author Created:**   sound recording, music
**Citizen of:**   United States
**Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Music LAA
1701 Ne 63rd Ct, Ft Lauderdale, FL, 33334, United States
**Transfer statement:**   By written agreement

## Rights and Permissions

**Organization Name:**   Music LAA
**Email:**   laamusicops@gmail.com
**Telephone:**   (845)224-9543
**Address:**   1701 Ne 63rd Ct
ft lauderdale, NY 10011 United States

## Certification

Page 1 of 2

**Name:**  Zachary Hiller
**Date**:  October 03, 2025

**Correspondence:**  Yes

# EXHIBIT E



